## Alfred A. Sparks, Receiver of the Fidelity Mutual Fire Insurance Company, *v.* The Industrial Brick Company, Appellant.

*Practice, C. P.—Insurance assessments—Affidavit of defense need not anticipate answer in rebuttal.*

In an action to recover on a mutual insurance policy an assessment, alleged to have been duly levied, together with the penalty of twenty-five per cent allowed by law to cover cost of assessment, a good defense is set up when the affidavit of defense avers (1) that defendant had not received full, due and legal notice of the assessment, and (2) that the contract had been made at nonassessable rates for nonassessable policies, to be so marked on their faces, and that the omission to so stamp the policies was caused by either fraud, accident or mistake. The question of laches cannot arise at this stage; a defendant is not bound to anticipate every answer which may be made in reply to facts alleged in his affidavit.

Argued Oct. 17, 1899. Appeal, No. 22, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1898, No. 861, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by BEAVER, J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that the action was assumpsit brought to recover the sum of $600, with interest, $480 of which was claimed as assessments on four policies of insurance, three times the amount of premium paid on each, which was $40.00 and $120, twenty-five per cent on said assessments claimed under the by-laws of the policy, as additional cost for collection.

The statement of plaintiff's claim seeks to recover upon the four policies of insurance, stating that defendant applied in Philadelphia for the insurance, annexes copies of the policies which contained by-laws stamped on their back, under which by-laws plaintiff's statement of claim avers defendant is liable for assessment, which amounted to three annual premiums, or $120, twenty-five per cent of the said assessment for costs of collection, making a total indebtedness of $600, with interest.

The affidavit of defense is both a demurrer and affidavit of defense. It demurs to the statement because it does not show to what state the plaintiff company belonged, or under what laws it was chartered; because it does not show in what state the receiver was appointed; because it does not set forth a copy of the charter of the plaintiff company; because it does not set forth a resolution or act of the board of directors making assessments; because three of the policies having expired before the assessment, the statement does not show that the assessment sued for upon said policies, both for losses and expenses incurred during the time the policies were in force as provided by the by-laws; because the statement does not set forth the losses and expenses which made necessary the assessment, amounting to three times the annual premiums.

The affidavit of defense denies that notice was given, as is averred in the statement, or at any other time, and avers that no notice whatever was given of the assessment.

The affidavit of defense further says that it is not true that the defendant applied in Philadelphia to the plaintiff company, and that the policies were not issued in Pennsylvania, but, on the contrary, plaintiff, by its agent, solicited said insurance from defendant at its place of business, in Atlantic City, N. J., to have insurance placed upon its property in Atlantic county, N. J.; that the policy to be issued was to be a regular, non-assessable fire insurance policy, and was to be so stamped; that the policies were delivered and paid for in New Jersey; that the defendant paid the full nonassessable rate; that the not marking the said policies as agreed was a fraud, accident or mistake practiced by plaintiff upon the defendant, which fraud, accident or mistake was not discovered until after suit was brought in this case; that the plaintiff company was not authorized to do business in New Jersey, and had no legal right to insure property therein.

Plaintiff took rule for judgment for want of sufficient affidavit of defense, and the court made absolute the rule and entered judgment. Defendant appealed.

*Error assigned* was making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. Hibbs Buckman,* with him *William Hopple, Jr.,* for appellant.—The affidavit of defense denies flatly that notice of the assessment was served on the defendant on July 13, 1898, or at any other time, and that any notice whatever was given defendant of any assessment. This alone is sufficient to carry the case to the jury: Buckley v. Ins. Co., 83 Pa. 298; Schimpf v. Ins. Co., 86 Pa. 373; Given v. Rettew, 162 Pa. 638; Cohen's App., 10 W. N. C. 230; Eilenberger v. Ins. Co., 89 Pa. 466; Smith v. Ins. Co., 89 Pa. 287.

The question of fraud, accident or mistake is one of fact, and must therefore go to the jury to decide.

*C. F. Eggleston,* with him *W. W. Weigley,* for appellee.— Defendant's denial that due and legal notice was given is a conclusion of law. The by-laws define the method of service and defendant must deny that such method was pursued.

If there were an agreement that defendant's four policies were to be nonassessable, defendant company is guilty of laches in that it admits it accepted said policies without examination of their terms, kept the first one and renewed it three separate times and stood ready to collect a loss under it.

The bare allegation that the placing by an agent of the said insurance upon the mutual assessment plan was "a fraud, accident or mistake, practiced by said plaintiff company," is insufficient on its face. The act could not have been called by all three names, a fraud and an accident and a mistake, and defendant's inability to aver the one or the other manifests the fact that he has no evidence upon which to make his charge, and that it is groundless. As stated by SMITH, J., in Insurance Co. v. Vitale, 10 Pa. Superior Ct. 157, "fraud must be proved and is not to be presumed."

Moreover, even if there were actual fraud in the making of the original policy, that would not now be a defense, for a receiver has been appointed and is the real plaintiff: Dettra v. Kestner, 147 Pa. 566; Howard v. Turner, 155 Pa. 349; Kramer v. Boggs, 172 Pa. 91; 5 Pa. Superior Ct. 394.

OPINION BY BEAVER, J., January 17, 1900:

The affidavit of defense in this case is in the nature of a demurrer as well as a sworn statement of facts relied upon as a

defense. The demurrer cannot be sustained. The plaintiff's statement, when fairly construed, presents a good cause of action. So far, therefore, as the action of the court below in entering judgment for want of a sufficient affidavit of defense was based upon a refusal to consider the six reasons urged by the defendant against the sufficiency of the statement, there is no error. The judgment of $600 entered in favor of the plaintiff was composed of two distinct items, one of $480, assessments duly levied by the board of directors, the other $120, being twenty-five per cent of said assessments, to cover the cost of collection. The latter was payable only after due and legal notice of the assessments and thirty days' default in payment. The plaintiff's statement alleges that " full, due and legal notice of said assessment was served upon defendants on or about July 13, 1898." The affidavit of defense alleges " that it is not true that full, due and legal notice of the assessment mentioned in said statement was served on defendant on or about July 13, 1898, or at any other time, and that no notice whatever was given defendant company of any assessment by the board of directors of the said plaintiff company." Here is a distinct issue of fact clearly and fully raised. If the defendant's allegation be true, there could be no recovery for the cost of collection. As to this portion of the judgment at least, the defendant company should have had an opportunity to prove the allegation contained in the affidavit, or to put the plaintiff upon proof of the fact alleged in his statement.

There is a further allegation in the affidavit of defense that the defendant company purchased from the insurance company, of which the plaintiff is receiver, policies of insurance for which they paid " a full nonassessable rate fixed by nonassessable fire insurance companies upon policies of insurance against fire ; " that at the time the original policies were issued " the plaintiff company promised and agreed to issue said policies as non-assessable policies and have said policies stamped on their face ' non-assessable ; ' " that the defendant company ascertained after suit brought " that the plaintiff company had not complied with its promise and agreement to issue a nonassessable policy to defendant company and have same stamped as aforesaid," and that this omission to comply was caused either by fraud, accident or mistake.

These allegations, if properly supported, would constitute a defense. Whether they could be supported by the proper quantity and quality of proof would appear when the offer to prove them was made. The question of laches urged by the plaintiff is his reply to the defendant's affidavit which the defendant company is not bound to meet, until properly made. A defendant is not bound to anticipate in his affidavit of defense every answer which may be made in reply to the facts alleged in his affidavit.

Taking the affidavit as a whole, we think the facts therein set forth are alleged with sufficient clearness and are of such a specific character as to constitute, if properly supported by proof before a jury, a defense to the plaintiff's claim. Whether or not the plaintiff can show such a state of facts as will negative the defense is a question which we need not now consider.

Judgment reversed and a procedendo awarded.